IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**Lisa Waddell Nash,**<br><br>    **Debtor.** | **Case No. 25-00097-ELG**<br><br>**Chapter 11** |

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "U.S. Trustee"), by counsel, moves this Court to convert this chapter 11 case to chapter 7 or in the alternative, to dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter.  28 U.S.C. § 157(b)(2)(A).

3. On March 21, 2025, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Doc. No. 1.

4. At the time of filing this Motion, the Debtor failed to file a monthly operating report for the month of March 2025.

5. The April 2025 monthly operating report will be due on May 21, 2025.

6. The Debtor has also failed to file Official Form 426 - Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Estate Holds a Substantial or

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

Controlling Interest, as required by Federal Rule of Bankruptcy Procedure 2015.3. The first report was due on April 14, 2025.

7. As set forth on the Debtor's Statements and Schedules, she owns and operates two businesses—the Jerk Pit LLC and Lime Cay Inc.

8. The Debtor has also failed to respond to requests from the U.S. Trustee and provide certain reasonably requested documents to the U.S. Trustee, including but not limited to: (i) copies of pre-petition bank statements; (ii) evidence of closing pre-petition bank accounts; (iii) debtor's projected six month cash budget; (iv) statements for the past six months for the following: credit card account for The Jerk Pit LLC, Paypal account, Crypto account(s), and MD Live Casino account (for 1/1/24 – present); (v) proof of paying payroll taxes; and (vi) Payroll/life insurance benefit details. The U.S. Trustee has sent various emails to the debtor, through counsel, but still have not received these documents.

9. The initial 341 meeting was held on April 21, 2025 and continued to May 14, 2025 to provide the Debtor time to produce the documents referenced above. The documents were not provided in advance of the May 14, 2025 continued meeting of creditors and the undersigned had to again continue the 341 meeting of creditors to June 12, 2025 at 2:00 p.m.

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter". The Debtor failed to file monthly operating reports for March 2025. Additionally, the Debtor has failed to file Official Form 426, Periodic Report Regarding Value, Operations and

2

Profitability of Entities in Which the Estate Holds a Substantial or Controlling Interest, as required by Federal Rule of Bankruptcy Procedure 2015.3.  The Debtor currently operates two restaurants, The Jerk Pit LLC and Lime Cay Inc.  These businesses are critical to the Debtor's case and the Form 426 reports are essential for the U.S. Trustee to examine the Debtor's ability for a reasonable likelihood of rehabilitation.  Failure to file these reports are grounds for conversion or dismissal of the case.

Under 11 U.S.C. § 1112(b)(4)(H) cause exists for "failure timely to provide information or attend meetings reasonably requested by the United States Trustee."  As of the date and time of filing this Motion, the U.S. Trustee has still not received a complete response to his request and has not received, among other things: (i) copies of pre-petition bank statements; (ii) evidence of closing pre-petition bank accounts; (iii) debtor's projected six month cash budget; (iv) statements for the past six months for the following: credit card account for The Jerk Pit LLC, Paypal account, Crypto account, and MD Live Casino account (for 1/1/24 – present); (v) proof of paying payroll taxes; and (vi) Payroll/life insurance benefit details.  Failure to provide such basic information is cause for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds

for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

May 15, 2025                                                                   MATTHEW W. CHENEY
                                                                               ACTING U.S. TRUSTEE, REGION 4


                                                                               By: */s/ Kristen S. Eustis*
                                                                               Kristen S. Eustis, Trial Attorney
                                                                               Federal Bar No. MD28984
                                                                               Office of the United States Trustee
                                                                               1725 Duke St., Suite 650
                                                                               Alexandria, VA 22314
                                                                               (703) 557-7227- Direct Dial
                                                                               Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

I hereby certify that on May 15, 2025, I electronically filed the foregoing Motion to Convert or Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Gregory J. Carroll gcarroll@hijazilaw.com, bankruptcyva@mwc-law.com

John Gordon Colan, Jr john.colan@sinobergraft.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Scott R. Robinson scottr@hrdlawyers.com, darcyf@hrdlawyers.com

Joseph Selba jselba@tydingslaw.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

I further certify that on May 15, 2025, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor and Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

| | |
|---|---|
| Lisa Waddell Nash<br>6510 Park Hall Drive<br>Laurel, MD 20707 | Small Business Administration<br>409 3rd Street SW<br>Washington, DC 20416 |
| EdFinancial Services<br>PO Box 36008<br>Knoxville, TN 37930 | Capitalize Group LLC<br>99 Wall Street<br>New York, NY 10005 |
| Parafin Inc.<br>301 Howard Street, Suite 1500<br>San Francisco, CA 94105 | Square Financial Services, Inc.<br>3165 E Millrock Drive, Suite 160<br>Salt Lake City, UT 84121 |
| Fox Funding Group LLC<br>803 S 21st Ave.<br>Hollywood, FL 33020 | First Data Management Services LLC<br>3975 NW 120th Avenue<br>Coral Springs, FL 33065 |
| WACIF<br>2012 Rhode Island Avenue NE<br>Washington, DC 20018 | Celtic Bank<br>268 South State Street, Suite 300<br>Salt Lake City, UT 84111 |
| TD Bank USA, N.A.<br>2035 Limestone Rd.<br>Wilmington, DE 19808 | PNC Bank, N.A.<br>222 Delaware Ave.<br>Wilmington, DE 19801 |

| | |
|---|---|
| WebBank<br>215 State St., Suite 1000<br>Salt Lake City, UT 84111 | Capital One, N.A.<br>1680 Capital One Dr.<br>McLean, VA 22102 |
| Citibank, N.A.<br>5800 S. Corporate Place<br>Sioux Falls, SD 57108 | Navy Federal Credit Union<br>PO Box 3500<br>Merrifield, VA 22119 |
| Comenity Bank<br>1 Righter Pkwy, Suite 100<br>Wilmington, DE 19803 | IRS<br>1500 Pennsylvania Ave., NW<br>Washington, DC 20222 |

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist